```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|                            |   |                                |
|----------------------------|---|--------------------------------|
| ADRIENNE SMITH,            | ) |                                |
|                            | ) |                                |
|    Plaintiff, | ) |                                |
|                            | ) |                                |
| v.                         | ) | Civil Action No. 13-706 (EGS) |
|                            | ) |                                |
| MIDLAND MORTGAGE, et al.,  | ) |                                |
|                            | ) |                                |
|    Defendants. | ) |                                |

## MEMORANDUM OPINION

Plaintiff Adrienne Smith filed this lawsuit on May 14, 2013 against defendants Midland Mortgage, Kenneth Clark, MidFirst Bank, Mortgage Electronic Registration Systems ("MERS"), and First Preference Mortgage ("First Preference"). Pending before the Court are motions to dismiss filed by Midland Mortgage, Kenneth Clark, MidFirst Bank, and MERS. Upon consideration of the motions, the plaintiff's response, the entire record, and the applicable law, the Court **GRANTS** the motions to dismiss filed by Kenneth Clark, Midland Mortgage, and MERS; **GRANTS IN PART AND DENIES IN PART** the motion to dismiss filed by MidFirst Bank; and, *sua sponte*, **REMANDS** this case to the Superior Court of the District of Columbia.

## I. BACKGROUND

On July 14, 2003, plaintiff obtained from defendant First Preference a home mortgage loan for $252,988.00 on the property

located at 1301 Taylor Street, NW in Washington D.C. *See* Pl.'s Opp. to Mots. to Dismiss ("Opp."), ECF No. 17 at 3; Deed, ECF No. 15-1 at 1; Note, ECF No. 15-2 at 1.[1] Ms. Smith was to make monthly payments of $1,397.01 in principal and interest as well as additional payments for taxes and insurance. *See* Note, ECF No. 15-2 at 1; Deed, ECF No. 15-1 at 3. If plaintiff's payment was not received within fifteen days of its due date, she could be charged a late fee. *See* Note, ECF No. 15-2 at 2.

Plaintiff's mortgage was initially serviced by First Horizon Mortgage Company, which is not a party to this action. Plaintiff became frustrated because the company failed to "keep[] her mortgage account serviced accurately and correctly," increased her mortgage payment at various times, and accused her of submitting late and partial payments. *See* Opp. at 3. On June 13, 2008, First Horizon notified plaintiff that her loan would now be serviced by Midland Mortgage, a division of MidFirst Bank. *See* Letter, ECF No. 17-1 at 57; Midland Mot., ECF No. 12 at 1.

Plaintiff alleges that she experienced loan-servicing issues with MidFirst Bank as well. These issues related to late-payment notices and corresponding late fees she received from 2009–2013. *See* Opp. at 4-5; Exhibits, ECF No. 17-1 at 1, 32, 62–73, 75–77,

---

[1] The Court considers the mortgage Note and Deed, which were attached to MERS's motion, as "'documents . . . incorporated in the complaint.'" *Haynes v. Navy Fed. Credit Union*, 825 F. Supp. 2d 285, 288 n.2 (D.D.C. 2011) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)).

81, 83–84, 86–88, 90, 94–95, 97–100. Plaintiff acknowledges that some of these payments were late, but claims that others were not. *See* Opp. at 5. This, plaintiff asserts, is in "conflict with [the] terms of a deed set by First Preference." *Id.*[2]

Plaintiff also alleges that the defendants have twice attempted to foreclose on her property. First, she claims that in February 2013 the defendants "provided multiple false certifications . . . and claims to the D.C. Banking and Insurance Department and removed Plaintiff's name from her Deed." Compl. at 4. After she paid her January and February 2013 mortgage payments, plaintiff claims that the D.C. Banking and Insurance Department "rejected and cancelled the first foreclosure package due to arrears numbers that did not add up." *Id.* At this point, defendants allegedly "resubmitted false information to the agency to open a second foreclosure now in effect." *Id.* Plaintiff, however, appears to concede that no foreclosure is actually pending, Opp. at 2, and may have misunderstood the meaning of an April 17, 2013 notice from Midland Mortgage, which informed her that if she did not pay the amount necessary to bring her loan current by May 17, 2013, "you . . . may lose your home through foreclosure." April 17, 2013 Letter, ECF No. 3-1 at 8.

---

[2] Plaintiff attributes these issues to "racial targeting and loan discrimination," but never elaborates. *See* Compl. at 2.

Plaintiff filed this lawsuit on May 14, 2013. The following day, she moved for a temporary restraining order and a preliminary injunction, asking the Court to enjoin a pending foreclosure. *See* Mot. for TRO, ECF No. 3 at 1. Judge Lamberth denied the motion for a temporary restraining order on May 16, 2013, noting that "no foreclosure proceedings have even been initiated at this time." Order, ECF No. 4 at 1. After receiving defendants' opposition to the request for a preliminary injunction, this Court denied that request and held that "plaintiff has not alleged that foreclosure proceedings have commenced on her property." Order, ECF No. 9 at 3.

Four of the five defendants moved to dismiss in September 2013. The fifth, First Preference, has not entered an appearance in the case. On September 18, 2013, the Court issued an Order advising plaintiff of her obligation to respond to the defendants' motions and the consequences of failing to do so. *See* Order, ECF No. 16. Plaintiff filed her opposition brief on October 31, 2013 and filed a supplemental brief on January 10, 2014. *See* Opp.; Notice, ECF No. 18. The motions to dismiss are now ripe for the Court's decision.

**II. STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To be viable, a complaint must contain "a

4

short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted; alteration in original). The plaintiff need not plead all of the elements of a prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002), nor must the plaintiff plead facts or law that match every element of a legal theory. *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000). Despite this liberal standard, a complaint still "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).

"'[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, a court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Further, "[t]hreadbare recitals

of elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94 (quotation marks omitted), it too "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton*, 567 F.3d at 681–82 (quoting *Iqbal*, 556 U.S. at 679).

## III. ANALYSIS

### A. Plaintiff's Claims Against Kenneth Clark, MERS, and Midland Mortgage.

The Court will dismiss plaintiff's claims against defendants Clark, MERS, and Midland Mortgage. Mr. Clark is mentioned in the Complaint only in connection with plaintiff's description of attempts to contact him regarding her loan-servicing issues. *See* Compl. at 2, 3, 6; Opp. at 7. Mr. Clark rightly argues that he may be "personally liable for torts which [he] commit[ted], participate[d] in, or inspire[d]," *Lawlor v. District of Columbia*, 758 A.2d 964, 974 (D.C. 2000), but the Complaint alleges no such action. *See* Clark Mot., ECF No. 10. MERS similarly is mentioned only in passing, without any description of an action that could subject it to liability. *See* Compl. at 3, 4–5; Opp. at 6. Midland Mortgage is discussed throughout plaintiff's pleadings, but plaintiff has not controverted its

6

assertion that it is merely a division of MidFirst Bank and thus is not subject to a separate lawsuit. *See* Midland Mot., ECF No. 12 at 2-3. In the absence of any reason to doubt it, the Court credits Midland Mortgage's assertion. Accordingly, the Court will dismiss Mr. Clark, MERS, and Midland Mortgage.

**B. Plaintiff's Claims Against MidFirst Bank.**

Plaintiff's complaint makes more detailed allegations regarding MidFirst Bank, but provides no clear description of any legal claims she intends to raise. At times, she makes vague references to broad legal claims, but these are never explained. *See, e.g.*, Opp. at 2 ("Plaintiff's claims are applicable under United States Civil Rights statutes, Fair Lending and Credit with Federal Regulatory Agency Authority including Housing and Urban Development (HUD) and the Consumer Financial Protection Bureau (CFPB)"). This lack of specificity makes it difficult for plaintiff to meet the requirements of Federal Rule of Civil Procedure 8(a), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought."

Under this standard, a complaint must "ensure that the adverse party is reasonably informed of the asserted causes of action such that he can file a responsive answer and prepare an adequate defense." *McCarter v. Bank of New York*, 873 F. Supp. 2d 246, 249 (D.D.C. 2012). Though this standard is liberal, a

complaint that is a "confused and rambling narrative of charges and conclusions" or an "untidy assortment of claims that are neither plainly nor concisely stated" must be dismissed. *Poblete v. Goldberg*, 680 F. Supp. 2d 18, 19 (D.D.C. 2009) (quotation marks omitted). A liberal reading of plaintiff's complaint reveals possible claims for wrongful foreclosure and breach of contract.[3]

    1.   *Plaintiff Fails to State a Claim for Wrongful Foreclosure.*

The only relief plaintiff requested in the Complaint was "that the Court dismiss the foreclosure complaint" and "that my Deed [be] returned to me." Compl. at 6. These requests suggest that plaintiff intended to raise a claim for wrongful foreclosure. Indeed, that is the only claim that MidFirst Bank discerns from her pleadings. *See* MidFirst Mot., ECF No. 11 at 1. MidFirst Bank argues that the claim must be dismissed because plaintiff failed to allege that a foreclosure has taken place. *See id.* The Court

---

[3] Plaintiff's other allegations form only a "confused and rambling narrative of charges and conclusions." *Id.* Her conclusory allegation of "racial targeting and loan discrimination," Compl. at 2, cannot alone state a legal claim. Her request for "an explanation why First Preference steered her to" her previous loan servicer, which she claims was "shown to be racially biased against African-Americans," is similarly unelaborated. *See* Opp. at 1, 4. Nor did plaintiff explain how defendants may be liable for the allegedly harassing mail that was sent to her home. *See* Compl. at 4–5; Opp. at 6. Finally, although plaintiff invokes the term "fraud" repeatedly, she never "state[s] with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

8

agrees. This Court has already held that plaintiff failed to allege that any foreclosure has taken place and defendants have made clear "that they have not commenced foreclosure proceedings." Order, ECF No. 9 at 3. Plaintiff appeared to concede this in her response to the motions to dismiss, Opp. at 2, and appears to have misunderstood a notice from Midland Mortgage, which stated that failing to bring her loan current may result in foreclosure. *See supra* at 3. Giving plaintiff "the benefit of all reasonable inferences," *Aktieselskabet AF 21. November 2001 v. Fame Jeans*, 525 F.3d 8, 17 (D.C. Cir. 2008) (quotation marks omitted), it is not clear how her claim may persist. The absence of a foreclosure proceeding, moreover, renders moot the relief requested in plaintiff's complaint.[4]

   2.   *Plaintiff Arguably Alleges a Breach of Contract.*

Plaintiff's Complaint also may raise a claim for breach of contract. Throughout her pleadings, she references MidFirst Bank's alleged failure to credit her for timely mortgage payments and its imposition of late fees. *See* Compl. at 2–3, 5; Opp. at 2, 5. Plaintiff attached to her opposition various late-payment letters from 2009–2013. *See* Exhibits, ECF No. 17-1 at 1, 32, 62–73, 75–77, 81, 83–84, 86–88, 90, 94–95, 97–100. She claimed that at least some of the letters were false, and seemed

---

[4] For these reasons, even though defendant First Preference has not appeared in this case, plaintiff's wrongful-foreclosure claim against it will be dismissed, *sua sponte*.

9

to allege that MidFirst Bank's imposition of late fees in connection with these letters "conflict[s] with [the] terms of a deed set by First Preference." Opp. at 5. Accordingly, plaintiff arguably raises a breach-of-contract claim in her pleadings.

MidFirst Bank did not address these allegations in its motion to dismiss, believing that the Complaint cannot be read to raise any claim other than wrongful foreclose because it "provides no reasonable notice as to any other cause of action." MidFirst Mot., ECF No. 11 at 3. The Court declines to address whether plaintiff's breach-of-contract allegations provide sufficient notice of her claim, however, because this Court lacks jurisdiction to do so. Plaintiff's Complaint contains no federal causes of action to support jurisdiction under 28 U.S.C. § 1331, and there is no basis to infer that the amount in controversy is sufficient to support jurisdiction under 28 U.S.C. § 1332.

Having dismissed plaintiff's wrongful-foreclosure claim, the Court is left solely with plaintiff's apparent dispute over late fees she claims were unlawfully imposed. Even if all late fees mentioned in her exhibits were at issue, that would amount to approximately $1,000.[5] It thus "appear[s] to a legal certainty

---

[5] Even if the entire amount plaintiff owes to bring her mortgage current were at issue, that amount appears to be around $10,000. *See* Compl. at 6 (asserting that plaintiff received a letter "saying that I must pay $10,000 . . . by May 15th"); April 4, 2013 Letter from MidFirst Bank, ECF No. 17-1 at 101 (asserting that plaintiff was in default in the amount of $8,818.64).

10

that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993) (a court must "be very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction"). For this reason, the Court lacks jurisdiction over the putative breach-of-contract claim.[6]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motions to dismiss defendants Kenneth Clark, Midland Mortgage, and MERS from this case, and **GRANTS IN PART AND DENIES IN PART** MidFirst Bank's motion to dismiss. In addition, the Court, *sua sponte*, **DISMISSES** plaintiff's wrongful-foreclosure claim against defendant First Preference. Finally, the Court, *sua sponte*, **REMANDS** this case to the Superior Court of the District of Columbia. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            June 19, 2014**

---

[6] The Court declines to exercise supplemental jurisdiction over the claim because it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

11